IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CURTIS GATEWOOD,** **PLAINTIFF**

**V.** **NO. 4:05CV85-P-D**

**SUNFLOWER COUNTY, ET AL,** **DEFENDANTS**

**O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. The defendants are Sunflower County; Jane Mapp, an assistant attorney general; Sharon McFadden, clerk of the Sunflower County Circuit Court; Betty Sephton, clerk of Mississippi Supreme Court; and Jess Dickinson, a Justice of the Mississippi Supreme Court. Plaintiff seeks monetary damages.

Plaintiff's complaint deals with a post-conviction motion which plaintiff filed in Sunflower County. The post-conviction motion was denied by the trial court and was appealed to the state Supreme Court. Plaintiff alleges that he filed his appellate brief in the time allowed, but the state did not. He argues that this should have resulted in his release. He also states that an order of the Supreme Court required the Sunflower County Circuit Court to correct a deficiency within 14 days, that it did not comply, and that this should also result in his release from confinement.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The doctrine of absolute immunity is a threshold question to be resolved as early in the peoceedings as possible. *See Seigert v. Gilley*, 111 S. Ct. 1789, 1793 (1991). Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). The alleged magnitude of the acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireless v. Waco*, 112 S.Ct. 286, 288 (1991). A judge's acts are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Id*. at 288. Plaintiff does not complain of any action taken by Justice Dickinson that was nonjudicial in nature. Therefore, his claim against this defendant should be dismissed with prejudice as frivolous.

Criminal prosecutors also enjoy absolute immunity for claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. *Graves, supra*, at 318. "Acts undertaken by the prosecutor... which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 113 S. Ct. 2606, 2615 (1993). This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Graves, supra,* at 318 n.9; *see also Brummett v. Gamble*, 946 F.2d 1178 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 2323 (1992); *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (*en banc*). Plaintiff alleges no facts against Ms. Mapp that would destroy her absolute immunity, so the claims against this defendant should also be dismissed with prejudice.

When a prisoner brings a § 1983 action seeking damages, the trial court must ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114

S.Ct. 2364, 2372 (1994). If it would, the prisoner must show that his conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" in order to state a claim. *Id*. at 114 S.Ct. 2373. If not, dismissal of the § 1983 action is appropriate.

Plaintiff's allegations clearly are covered by *Heck*. Unquestionably, any judgment in favor of the plaintiff would imply the invalidity of his conviction or sentence. Just as clearly, his conviction has not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." As a result, his complaint is legally frivolous under 28 U.S.C. § 1915(d). Consequently, it should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

A final judgment in accordance with this opinion will be entered.

THIS the 26th day of April, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE